785 F.2d 309
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ohio Civil Service Employees Association, American
Federation of State, County and Municipal Employees,
AFL-CIO, Local 11; Samuel E. Marcum; Cris Beesler; Douglas
A. Gerhart; Robert Tanner; Michael A. Hill; Randy M. Martin;
Edward L. Brooks; Phillip Ree; Jeffrey Craft, Plaintiffs-Appellees,
v.
Richard P. Seiter, Individually and as Director Ohio Dept.
of Rehabilitation; Ronald C. Marshall, Individually and as
Superintendent of S.O.C.F.; Billy G. Seth, Individually and
as Deputy Supt. for Custody of S.O.C.F.; H. K. Russell,
Individually and as Supt. of Lima Correctional Facility;
Terry Morris, Individually and as Supt. of Southeastern Ohio
Training Center; Dorothy Arn, Individually and as Supt. of
Ohio Reformatory for Women; E. P. Perini, Individually and
as Supt. of Marion Correctional Facility; Arthur Tate, Jr.,
Individually and as Supt. of Chillicothe Corr. Facility;
Harry Russell, Individually and as Supt. of Hocking
Correctional Facility; Arnold R. Jago, Individually and as
Supt. Lebanon Correctional Institute; T. D. Taylor,
Individually and as Supt. of Columbus Correctional
Institute; Eric Dahlberg, Individually and as Supt. Ohio
State Reformatory, Defendants-Appellants, Communications
Workers of America, Proposed Intervenor.
 85-3836
 United States Court of Appeals, Sixth Circuit.
 1/24/86
 
 ORDER
 Before: ENGEL, CONTIE, and MILBURN, Circuit Judges.
 
 
 1
 This matter is before the Court upon plaintiffs-appellees' motion to dismiss and defendants-appellants' memorandum in opposition, based upon Mitchell v. Forsyth, 105 S. Ct. 2806, 2817 (1985).
 
 
 2
 Plaintiffs, nine present and former employees of the Ohio Department of Correction and Rehabilitation and their labor union, sought declaratory and injunctive relief, plus money damages from state officials, in their official and individual capacities, for authorizing warrantless strip and body cavity searches of prison employees, allegedly in violation of the Fourth Amendment.
 
 
 3
 The district court, in an order of October 1, 1985, denied efendants' motion for judgment on the pleadings, which was based in part on qualified immunity, finding that their use of consent forms was evidence that officials should have 'hesitated' before conducting the warrantless searches. Harlow v. Fitzgerald, 457 U.S. 800, 819 (1982). The district court did not explicitly determine the applicable law nor whether that law was clearly established at the time defendants' actions occurred. Id. at 818; Donta v. Hooper, No. 84-3288, slip op. at 6 (6th Cir. Oct. 11, 1985).
 
 
 4
 Upon consideration of the documents, it is ORDERED that the case is remanded to the district court to make factual findings and conclusions of law on this issue as well as to permit reasonable discovery if requested.